IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| ANNABELLE SEGOVIA, | )( |
| | )( |
| Plaintiff, | )( |
| | )( |
| v. | )( |
| | )( |
| MARSH LANE SURGICAL HOSPITAL, LLC, | )( |
| d/b/a PLANO SURGICAL HOSPITAL, | )( |
| DR. DIRK RODRIGUEZ, and | )( |
| DR. SONA RAJESH NAMBIAR, | )( |
| | )( |
| Defendants. | )( |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff ANNABELLE SEGOVIA files this complaint and respectfully shows the Court as follows:

**A. Parties**

1.　Plaintiff ANNABELLE SEGOVIA is a resident and citizen of the State of New Mexico.

2.　Defendant MARSH LANE SURGICAL HOSPITAL, LLC, d/b/a PLANO SURGICAL HOSPITAL is a hospital existing under the laws of the State of Texas, located at 2301 Marsh Lane, Plano, Texas, and may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

3.　Defendant DR. DIRK RODRIGUEZ is an individual citizen of the State of Texas, residing in Texas, and may be served at 7515 Greenville Ave., Ste 1030, Dallas, Texas 75231.

4.　Defendant DR. SONA RAJESH NAMBIAR is an individual citizen of the State of Texas, residing in Texas, and may be served at 2301 Marsh Lane, Plano, Texas 75093.

### B. Jurisdiction

5.     The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(3) because the suit is between citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

### C. Venue

6.     Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this district and all the Defendant reside in the district.

### D. Conditions Precedent

7.     All conditions precedent have been performed or occurred.

### E. Facts

8.     On 2/11/16, Plaintiff consulted with Defendant Dr. Rodriguez about weight loss options.

9.     On 3/3/16, Dr. Rodriguez performed an EGD and biopsy procedure on Plaintiff at Plano Surgical Hospital, and found a greater than 3 cm hiatal hernia, grade 1 gastritis without ulceration, and grade 1 duodenitis without ulceration. Her pre-op lab work was normal, with 12.7 hemoglobin and 38.4 hematocrit. Dr. Rodriguez did not dictate his Operative Note for the EGD procedure until 3/8/16.

10.    On 3/4/16, Dr. Rodriguez performed a laparoscopic hiatal hernia repair, liver biopsy, laparoscopic gastopexy, and laparoscopic ventral sleeve gastrectomy on Plaintiff at Plano Surgical Hospital. The surgery end time was 1333. At 1110, Dr. Rodriguez' orders were "Consult Hospitalist, AM Labs RBC BMP, Extended Observation." Hospitalist Dr. Nambiar saw Plaintiff at 3:30 p.m. on 3/4/16.  His note states, "pt to be discharged home later today if pain and nausea controlled, pt's oral intake is adequate and she has walked."  Plaintiff was admitted to PACU around 1336 and then to

PSU around 1420. No post-operative labs were done before Plaintiff was discharged home from Plano Surgical Hospital by B. Johnson, RN at 1900 on 3/4/16 (less than 7 hours after surgery). Plaintiff did not have extended observation.

11. On 3/5/16 at 2351, Plaintiff presented to Carlsbad Medical Center ER in Carlsbad, New Mexico, in 10/10 GI pain. At 0005 on 3/6/16, her hemoglobin was abnormal at 9.9 and her hematocrit was abnormal at 30.4, evidencing internal bleeding.

12. While she was at the Carlsbad Medical Center ER, University Medical Center-Lubbock, Covenant Hospital-Lubbock, University Medical Center-El Paso, all the Sierra/Providence hospitals in El Paso, and UNM Albuquerque denied her transfer to those facilities.

At 0255 on 3/6/16, her hemoglobin was 8.6, hematocrit was 26.4, still abnormal low.

13. At or about 0940 on 3/6/16, Plaintiff was flown by air ambulance from Carlsbad, New Mexico to Dallas, Texas, and then arrived by ground ambulance at Plano Surgical Hospital at 1150. The air flight bill totals $59,900.00.

14. At 1252 on 3/6/16, Dr. Rodriguez dictated his Operative Note for the 3/4/16 gastric sleeve procedure.

15. In open laparotomy surgery on 3/6/16, Dr. Rodriguez found active bleeding from a vessel 2 mm in diameter located 5 cm cephalad to the pylorus in the mesentery of the lesser curve of the stomach. He placed a feeding tube.

16. Dr. Rodriguez' Operative Note for 3/6/16 erroneously states, "the patient had been observed for 23 hours after her [3/4/16] surgery with normal laboratories and normal function before was discharged home." No post-operative laboratories exist for 3/4/16 for Plaintiff from Plano Surgical Hospital. Plaintiff was discharged on 3/4/16 less than 7 hours after her surgery finished that day.

17. After her 3/6/16 admission, Plaintiff remained in Plano Surgical Hospital until 3/11/16.

### F. Negligence

18. Defendant Dr. Rodriguez was negligent in one or more of the following:

    a. Failed to diagnose internal bleeding prior to Plaintiff's discharge from Plano Surgical Hospital on 3/4/16;

    b. Failed to follow-up on his order for post-operative lab studies (RBC, BMP) after Plaintiff's 3/4/16 surgery;

    c. Discharged Plaintiff from the hospital on 3/4/16 with an internal bleed;

    d. Caused an internal bleed in Plaintiff in the 3/4/16 surgery;

    e. Failed to determine that Plaintiff was discharged at 1900 on 3/4/16, without extended observation as he had ordered; and

    f. Allowed Plaintiff to be discharged from the hospital less than 7 hours after her surgery on 3/4/16.

19. Defendant Plano Surgical Hospital, and the agents of Defendant Plano Surgical Hospital, were negligent in one or more of the following:

    a. Failed to determine internal bleeding prior to Plaintiff's discharge from Plano Surgical Hospital on 3/4/16;

    b. Failed to recommend and/or perform post-operative lab studies (RBC, BMP, hematocrit and hemoglobin) after Plaintiff's 3/4/16 surgery;

    c. Discharged Plaintiff from the hospital on 3/4/16 with an internal bleed;

    d. Discharged Plaintiff from the hospital less than 7 hours after her surgery on 3/4/16; and

    e. Failed to follow Dr. Rodriguez' post-operative order on 3/4/16 for extended observation and obtaining post-operative lab studies.

20. Defendant Dr. Nambiar was negligent in one or more of the following:

    a. Failed to diagnose internal bleeding prior to Plaintiff's discharge from Plano Surgical Hospital on 3/4/16;

    b.      Failed to follow-up on Dr. Rodriguez' order for post-operative lab studies (including RBC, BMP) after Plaintiff's 3/4/16 surgery;

    c.      Discharged Plaintiff from the hospital on 3/4/16 with an internal bleed;

    d.      Allowed Plaintiff to be discharged at 1900 on 3/4/16, without extended observation as Dr. Rodriguez had ordered; and

    e.      Allowed Plaintiff to be discharged from the hospital less than 7 hours after her surgery on 3/4/16.

21.    Each and all of the aforesaid acts, omissions, and conduct, either individually or collectively, of said Defendants or their agents, constitute negligence in the failure to use ordinary care; and each and all of said negligent acts and omissions were a direct and proximate cause of the injuries and resulting damages to Plaintiff, as herein alleged, which damages followed as a direct and proximate result of said negligent acts or omissions as herein pleaded. As a direct and proximate result of the incidents above described, Plaintiff ANNABELLE SEGOVIA sustained serious bodily injuries for which the Defendants are jointly and severally liable.

## G. Damages

22.    Prior to the negligence in question, ANNABELLE SEGOVIA was a happy able-bodied female enjoying a life expectancy as reflected in the standard mortality tables for a person of her age.

23.    Plaintiff experienced much pain and suffering for which she is entitled to recover damages.

24.    Plaintiff has paid medical expenses, all of which were necessary, fair, reasonable and customary in Carlsbad, New Mexico and in Dallas and Plano, Texas, in an amount in excess of $150,000.00.

25. Additionally, Plaintiff is entitled to prejudgment interest on the amount of medical expenses incurred to date, through date of trial.

26. Plaintiff lost wages.

### H. Trial by Jury

27. Plaintiff requests trial by jury.

### I. Prayer

28. For these reasons plaintiff asks for judgment against defendants for the following:

    a. Actual damages of $5,000,000.00;

    b. Prejudgment and postjudgment interest.

    c. Costs of suit;

    d. All other relief the Court deems appropriate.

Respectfully submitted,

/s/ William B. Harrell
**WILLIAM B. HARRELL**
Texas Bar No. 09042250
803 Pine Street
Texarkana, Texas 75501-5111
Tel: 251-599-0103
Fax 903-793-6449
wbharrell@gmail.com

**WALTER L. BOYAKI**
Texas Bar No. 02759500
4621 Pershing Drive
El Paso, Texas 79903
Tel: 915-566-8688
Fax 915-566-5906
wboyaki@boyaklawfirm.com

**ATTORNEYS FOR PLAINTIFF**